# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MANHATTAN HOUSING AUTHORITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-4062-JAR |
| ) | |
| RONALD GOERING, ) | |
| ) | |
| Defendant/ ) | |
| Third Party Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| HENRY OTTO, et.al ) | |
| Third Party Defendants) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Manhattan Housing Authority filed a Motion to Remand (Doc. 6) this action, which defendant Ronald Goering had removed to this Court from the District Court of Riley County, Kansas. Because this Court has no subject matter jurisdiction, the motion for remand is granted.

*Background*

On or about May 5, 2006, Plaintiff filed, pursuant to K.S.A. 58-2540 *et seq.,* a petition for possession of real property owned or managed by Plaintiff and occupied by defendant Ronald Goering. On or about May 16, 2006, defendant Goering filed his counter-claim and cross petition in the Riley County action, asserting claims of various violations of state law, violations of the Fair Housing Act, sexual harassment, and various other forms of discrimination under federal law. On June 6, 2006, defendant Goering filed a Notice of Removal (Doc.1) to this Court.

*Discussion*

Plaintiff moves to remand this case back to the District Court of Riley County, Kansas on the basis that this Court lacks subject matter jurisdiction. A civil action is removable only if plaintiffs could have originally brought the action in federal court.[1] The court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[2] The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[3]

As the party who removed this case to federal court, Goering carries the burden of demonstrating that the requirements for exercising jurisdiction are present.[4] Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction,[5] and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[6] "Doubtful cases must be resolved in favor of remand."[7]

Goering fails his burden of demonstrating federal jurisdiction. He makes no showing

---

[1] 28 U.S.C. § 1441(a).

[2] 28 U.S.C. § 1447(c).

[3] *Schecher v. Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1257 (D. Kan. 2004) (citing *Ins. Corp. of Ireland, Ltd. v. Compangnie des Bauxites de Guinee*, 456 U.S. 684, 702 (1982)).

[4] *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted), *aff'd*, 126 S. Ct. 704 (2005).

[5] *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[6] *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

[7] *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995) (further citations omitted)).

that Plaintiffs could have brought this action in federal court. Plaintiff's petition raises only state law claims; there is no federal question jurisdiction. Nor does Goering demonstrate that there is diversity jurisdiction. Moreover, Goering's purported federal law claims for sexual harassment, violation of the Fair Housing Act, or discrimination do not create federal question jurisdiction justifying removal, nor can jurisdiction be conferred by counterclaim.[8] Accordingly, the Court remands this action to the District Court of Riley County, Kansas.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion for Remand (Doc. 6) is GRANTED.

**IT IS SO ORDERED.**

Dated this 22nd day of September 2006.

                                            S/ Julie A. Robinson
                                            Julie A. Robinson
                                            United States District Judge

---

[8] *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 471 (1998) and cases cited therein; *In re Adoption of Baby C*, 323 F. Supp. 2d 1082, 1085 (D. Kan. 2004) (citing *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1380 (10th Cir. 1978)).